Note.—See under (1) anno. 5 A. L. R. 759; (2) 25 A. L. R. 37: 5 R. C. L. p. 797; 5 R. C. L. Supp. p. 306.

---

## KAWFIELD OIL CO. v. WARNER.

No. 16833—Opinion Filed June 29, 1926.

### Appeal and Error—Insufficiency of Evidence in Law Action—Reversal.

Where there is no competent evidence reasonably tending to support the verdict and judgment in a law action, the judgment will be reversed.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by Albert S. Warner against Kawfield Oil Company. From a judgment for the former, the latter appeals. Reversed.

Higgins & Berton and Christy Russell, for plaintiff in error.

C. H. Rosenstein and D. F. Gore, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. Warner had judgment against Kawfield Oil Company, a corporation, for $1,800 and interest, and $175 attorney fee, for work and labor for 50 days in performing a "fishing job" (removing tools, machinery, or drilling devices, lodged in an oil well), establishing also a lien upon the leasehold, rig, and equipment. Defendant's first assignment of error is that the evidence is insufficient to sustain the verdict and judgment. The question arises on plaintiff's contention that he was to receive $35 per day and expenses, while defendant contends that plaintiff was to receive only $15 per day. Does the evidence reasonably tend to support the verdict and judgment on this issue?

Defendant oil company had employed a

Mr. Braymer to do the fishing job. Plaintiff Warner had been in the employ of Braymer doing the work on this job at a wage of $15 per day, which had been paid by defendant company and charged to Braymer, Braymer, not having paid, plaintiff promptly, and not succeeding in the fishing job, met in the office of the company with its general manager, Mr. Harvey, together with plaintiff, Warner, in the latter part of May, 1923. At this time it was agreed between Braymer and the company that the former should be released from his contract, and it was understood that plaintiff Warner should continue the fishing job, which he did for 50 days from June 1st, the only dispute being the amount of daily wage. Plaintiff and one other witness testified that plaintiff said he would not go back on the job for less than $35 per day and expenses, the question being whether Harvey heard this and assented thereto. Plaintiff testified that thereafter Mr. Harvey said, "Go back on the job and he would see that I was paid"; that Braymer and Harvey were both present in the room at the time. Plaintiff further testified:

"Q. And you never did tell Mr. Harvey direct that you would not go out there for less than $35 per day and expenses, did you? A. No, sir, I never did tell him direct. Q. So that conversation was the conversation you had with Mr. Braymer? A. Yes, sir. Q. So when you were paid, there wasn't anything said about the $35 per day? A. Not at that time. Q. You do not know whether he heard this conversation between you and Mr. Braymer or not. do you? A. Well, I could not swear to that."

Mr. McDonald, for the plaintiff, referring to the statement of plaintiff that he would not go back except for $35 per day and expenses, testified:

"Q. Was Mr. Harvey there when he made this statement? A. Yes, sir, he was in the room. Q. Did Mr. Harvey say anything to him about going back when he made that statement? A. My recollection is that Mr. Harvey left the room for something * * * Q. Can you state positively whether Mr. Harvey heard that conversation in which Mr.— A. He heard the statement that Mr. Warner would not go out there for less than $35 a day and expenses. I do not say that he agreed to pay it, but he heard him make the statement."

Mr. Harvey testified positively that he was not in the room at the time, and did not hear such statement of plaintiff about

the $35 per day and expenses, and that he never did agree to pay same.

We cannot say that the foregoing testimony, taken together, reasonably tends to support the verdict and judgment in favor of plaintiff. It fails to show a meeting of minds as to the wage. During the trial, counsel for plaintiff seems to have recognized that plaintiff had failed to prove his contract for $35 per day and expenses, and offered evidence tending to prove the amount due plaintiff on quantum meruit. This the court refused to admit. Plaintiff also offered, if necessary, to amend his petition to recover on quantum meruit. Since there is a failure of proof that defendant company agreed to pay either the $15 per day or the $35 per day and expenses. and it is admitted that plaintiff did the work for 50 days and has received payment thereon only in the sum of $150, a new trial will be necessary.

Let the judgment be reversed, and the cause remanded for new trial.

By the Court: It is so ordered.